1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11      GASPAR MEDINA,                              No.  2:18-cv-2924 DB P

12                      Plaintiff,

13          v.                                       ORDER

14      AGUILAR,

15                      Defendant.

16

17          Plaintiff, a state prisoner proceeding pro se with a civil rights action, has requested

18   appointment of counsel.  (ECF No. 13).  A review of plaintiff's motion indicates that he believes

19   that an attorney is automatically appointed to litigants at the time a complaint is filed.  See

20   generally id.  He states that he was recently told he had been scheduled for an attorney visit, but it

21   never took place.  See generally id.

22          The United States Supreme Court has ruled that district courts lack authority to require

23   counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490

24   U.S. 296, 298 (1989).  In certain exceptional circumstances, the district court may request the

25   voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d

26   1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

27          The test for exceptional circumstances requires the court to evaluate the plaintiff's

28   likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in

1

light of the complexity of the legal issues involved.  See <u>Wilborn v. Escalderon</u>, 789 F.2d 1328, 1331 (9th Cir. 1986); <u>Weygandt v. Look</u>, 718 F.2d 952, 954 (9th Cir. 1983).  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

A cursory review of plaintiff's complaint which has yet to be screened indicates that he has raised one claim – that of excessive force – against one defendant.  The court is able to understand the facts as alleged, and the Eighth Amendment claim appears to be a straightforward one.  For these reasons, the court does not find the required exceptional circumstances.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for the appointment of counsel, filed November 14, 2019 (ECF No. 13), is DENIED, without prejudice.

Dated:  November 18, 2019

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:13
DB/ORDERS/ORDERS.PRISONER.CIVIL RIGHTS/medi2924.31

2